**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

DOMENICO A. DIIULIO,
        Appellant,

      v.

DEPARTMENT OF HOMELAND
  SECURITY,
        Agency.

DOCKET NUMBER
DC-0752-15-0404-I-1

DATE: September 29, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Darrin W. Gibbons, Esquire, Richmond, Virginia, for the appellant.

Lorna J. Jerome, Esquire, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

¶2 The appellant was suspended for 14 days based on three charges: Absence Without Leave (AWOL); Failure to Follow Leave Requesting Procedures; and Failure to Properly Validate Official Time and Attendance Records. Initial Appeal File (IAF), Tab 1, Exhibit 2. The appellant appealed, alleging that he was suspended for a total of 35 days when the agency considered him AWOL for pay purposes for 168.5 hours in addition to suspending him for 14 days. IAF, Tab 1 at 6. After giving the appellant an opportunity to file evidence and argument regarding jurisdiction, the administrative judge dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 12, Initial Decision (ID).

¶3 The appellant has filed a petition for review arguing, as he did below, that the hours he was placed in an AWOL status should be added to the 14-day suspension for purposes of determining whether he was subjected to an appealable suspension of more than 14 days. Petition for Review (PFR) File, Tab 1.

¶4 The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). The Board has jurisdiction over suspensions greater than 14 calendar days. 5 U.S.C. § 7512; 5 C.F.R. § 752.402 (defining "day" as "calendar day"). A "suspension" is the temporary placement of an employee in nonpay, nonduty status. 5 U.S.C. § 7501(2); *Engler v. Department of the Army*, 121 M.S.P.R. 547, ¶ 6 (2014). This definition covers unpaid disciplinary absences as well as other types of enforced leave imposed on an employee against his will. *Engler*, 121 M.S.P.R. 547, ¶ 6.

¶5 The Board has long held that placement in an AWOL status for pay purposes is not an independently appealable matter unless it constitutes a constructive suspension. *Bucci v. Department of Education*, 36 M.S.P.R. 489, 491 (1988). The appellant essentially argues that he was constructively suspended for the hours he was considered AWOL. PFR File, Tab 1 at 5. To demonstrate that an absence is an involuntary, actionable constructive suspension, an appellant must show that he lacked a meaningful choice in the matter and it was the agency's wrongful actions that deprived him of that choice. *Rosario-Fabregas v. Department of the Army*, 122 M.S.P.R. 468, ¶ 8 (2015). If an appellant raises a nonfrivolous allegation that he was constructively suspended for more than 14 days, then he is entitled to a jurisdictional hearing if requested. *Mills v. U.S. Postal Service*, 106 M.S.P.R. 441, ¶ 6 (2007).

¶6 The appellant denies that he was absent from work for the hours the agency placed him in an AWOL status. PFR File, Tab 1 at 4. The agency did not place the appellant in an AWOL status for any complete work day. IAF, Tab 4 at 38-43, Tab 5 at 4-6. The last day the agency placed the appellant in an AWOL status was October 24, 2014, and he did not start serving his 14-day suspension until February 2, 2015. IAF, Tab 4 at 16, 38-43, Tab 5 at 4-6. There exists no precedent for combining nonconsecutive suspensions of 14 days or less for purposes of finding Board jurisdiction. *Giannetto v. Department of Transportation*, 109 M.S.P.R. 522, ¶ 6 (2008). Even if the placement of the appellant in an AWOL status could be considered a constructive suspension, the

appellant has not alleged that he was in an AWOL status for more than 14 consecutive days or that his AWOL status and his 14-day suspension occurred on consecutive days.

¶7    The Board has acknowledged the possibility that nonconsecutive suspensions could be combined to establish jurisdiction if the suspensions are based on the same reasons and there is evidence that the agency attempted to circumvent the Board's jurisdiction by imposing multiple suspensions of 14 days or less. *Stanton v. Department of Transportation*, 109 M.S.P.R. 485, ¶ 10 (2008). Here, the record indicates that the agency expected the appellant to work during the hours he was placed in an AWOL status. IAF, Tab 4 at 38-43, Tab 5 at 4-6. There is no indication that those absences were imposed by the agency or that the agency prohibited the appellant from working. Even accepting as true the appellant's assertion that he was working during the hours the agency placed him in an AWOL status, he was placed in the incorrect pay status but that cannot be construed as a constructive suspension.

¶8    To the extent the appellant is alleging that he was subjected to an appealable reduction in pay, we find any such argument unpersuasive. PFR File, Tab 1 at 5. A reduction in pay is an action appealable to the Board. 5 U.S.C. §§ 7512(4), 7513(d). "Pay" is the rate of basic pay fixed by law or administrative action for the position held by an employee. 5 U.S.C. § 7511(a)(4). The Board has held that being placed in an AWOL status for pay purposes is not a reduction in an employee's rate of basic pay. *Lawson v. Department of Health & Human Services*, 64 M.S.P.R. 673, 680 (1994), *aff'd*, 73 F.3d 377 (Fed. Cir. 1995) (Table). The appellant asserts that he was required to return the pay he received for the hours the agency determined that he had been AWOL. PFR File, Tab 1 at 5. This is not an allegation of an appealable reduction in pay because the appellant has not alleged that his rate of basic pay was reduced.

¶9    The appellant also argues that the agency intends to revoke his security clearance based on the same underlying misconduct. *Id*. at 6. The appellant filed

allegedly new evidence on review to support this argument. *Id.* at 7-10. This evidence and argument is immaterial, however, because the Board lacks the authority to review adverse security clearance determinations. *Wilson v. Department of the Navy*, 122 M.S.P.R. 585, ¶ 7 (2015).

¶10    The appellant alleges for the first time on review that the agency violated the 5th and 14th Amendments of the U.S. Constitution by considering him AWOL for pay purposes and suspending him without prior notice or an opportunity to respond. PFR File, Tab 1 at 5. The Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence. *Powell v. U.S. Postal Service*, 122 M.S.P.R. 60, ¶ 14 (2014). The appellant has not made such a showing. Even if he had raised these claims below, the Board has no jurisdiction to review constitutional claims absent an otherwise appealable action. *Smith v. Department of Defense*, 106 M.S.P.R. 228, ¶¶ 12-13 (2007).

¶11    The appellant also alleges that the administrative judge erred by not requiring that the agency respond to discovery requests prior to ruling on jurisdiction. PFR File, Tab 1 at 6. It appears that the appellant timely filed discovery requests, IAF, Tab 10 at 45-56, and timely filed a motion to compel discovery on April 8, 2015, *id.* at 5-6. The jurisdictional show cause order did not stay the discovery deadlines pending a ruling on jurisdiction. IAF, Tab 9. It does not appear that the administrative judge ruled on the appellant's motion to compel discovery. The appellant argues that he was prejudiced by not receiving discovery responses because he was denied access to evidence that might have proven the agency's intent to circumvent the Board's jurisdiction by subjecting him to consecutive suspensions of 14 days or less. PFR File, Tab 1 at 6. Even if the administrative judge erred by failing to rule on the appellant's motion to compel, the appellant has not shown that he was prejudiced by this error. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (an

adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).  The appellant's discovery requests are immaterial to the jurisdictional issue.  As explained above, the hours he was placed in AWOL status for pay purposes are not equivalent to a suspension, and they cannot be added to the days he was actually suspended to establish jurisdiction.

¶12      We have considered all of the arguments the appellant has raised on review and find that the administrative judge correctly determined that the Board lacks jurisdiction over the appellant's appeal.

### NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.

Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.